J-S71032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. ROF III LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SUSAN LAIRD & GENE STRIKWERDA, | |
| Appellants | No. 1812 EDA 2016 |

Appeal from the Order April 22, 2016
in the Court of Common Pleas of Montgomery County
Civil Division at No.: 2014-29951

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:  **FILED FEBRUARY 16, 2018**

Appellants, Susan Laird and Gene Strikwerda, appeal, *pro se*, from the trial court's April 22, 2016 order granting the motion for summary judgment of Appellee, U.S. ROF III, Legal Title Trust 2015-1, by U.S. Bank National Association as legal title trustee in this mortgage foreclosure action.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.[1] (**See** Trial Court Opinion, 4/07/17, at 1-5). Therefore, we have no reason to restate them.

On appeal, Appellants raise the following issue for our review:

Did the trial court err in granting summary judgment in favor of [Appellee?]

(Appellants' Brief, at 6).

We briefly note our standards of review.

Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of his cause of action. Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the fact-finder. Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate court may disturb the trial court's order only upon an error of law or an abuse of discretion.

---

[1] On May 24, 2016, the trial court ordered Appellants to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On June 13, 2016, Appellants filed a timely Rule 1925(b) statement. **See id.** On April 7, 2017, the court filed an opinion. **See** Pa.R.A.P. 1925(a).

*Dibish v. Ameriprise Financial, Inc.*, 134 A.3d 1079, 1084-85 (Pa. Super. 2016), *appeal denied*, 141 A.3d 481 (Pa. 2016) (citation omitted).

Moreover,

> [t]he holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

*Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464-65 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015) (citations omitted).

After a thorough review of the record, the parties' briefs, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the issues Appellants have raised on appeal. The trial court opinion properly disposes of the questions presented.[2] (*See* Trial Ct. Op., at 7-12) (finding that: (1) Appellee is the real party in interest with standing to foreclose; (2) Appellants failed to rebut any of Appellee's substantive allegations; (3) Appellants' general denials did not identify any issues of factual dispute; and (4) Appellants' claim that Appellee wrongly filed two

---

[2] To the extent it can be determined from Appellants' brief, which is all but unintelligible, Appellants appear to argue that the affidavit filed by Appellee in support of its motion for summary judgment was inadmissible hearsay. (*See* Appellants' Brief, at 7-8). The trial court did not address this issue in its opinion because Appellants did not raise it in their Rule 1925(b) statement. (*See* Statement of Matters Complained of on Appeal, 6/13/16, at 1). Thus, Appellants waived this issue. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in Commonwealth v. Burton*, 973 A.2d 428, 431 (Pa. Super. 2009).

different true and correct copies of the note was both waived and unsupported by record). Accordingly, we affirm based on the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/18

571032-17

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

U.S. ROF III LEGAL TITLE TRUST 2015-1 :   NO. 14-29951
BY U.S. BANK, N.A., AS LEGAL TITLE   :   1812 EDA 2016
TRUSTEE   :
              Plaintiff   :

         v.       :

SUSAN LAIRD A/K/A SUSAN L. LAIRD :
AND STRIKWERDA   :
          Defendants   :

2014-29951-0030  4/7/2017 4:07 PM  # 11232729
Opinion
Rcpt#Z3105573 Fee:$0.00
Mark Levy - MontCo Prothonotary

## OPINION

**Branca, J.**                                            **April 7, 2017**

### I.    INTRODUCTION

Susan Laird a/k/a Susan L. Laird and Gene Strikwerda (collectively, "Defendants") appeal pro se[1] from this Court's Order, dated April 22, 2016, granting Plaintiff, U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee's Motion for Summary Judgment and entering judgment, *in rem*, in favor of Plaintiff and against Defendants in the amount of $334,811.49, plus interest and applicable costs. For the reasons that follow, Defendants' appeal is without merit and the Court's Order, dated April 22, 2016, should be AFFIRMED.

### II.    STATEMENT OF THE CASE

The instant dispute arises from a Mortgage (the "Mortgage") securing the real property (the "Property") located at 3126 Shirlene Road, East Norriton, Pennsylvania, executed and delivered by Defendants to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Franklin American Mortgage Company ("Franklin") on January 23, 2009, and

---

[1] While the Court is cognizant of Defendants' pro se status on appeal, Defendants are bound and obligated to comply with the relevant rules of procedural and substantive law. *See Jones v. Rudenstein*, 585 A.2d 520, 522 (Pa. Super. Ct. 1991) (Citing *Farretta v. California*, 422 U.S. 806, 834 n. 46 (1975)).

recorded on February 9, 2009.[2] The Mortgage secured Defendants' obligations under the

Promissory Note (the "Note"),dated January 23, 2009, and given to Franklin in consideration of

a loan to Defendants in the amount of $260,855.00, with interest thereon at 5.000%, payable in

equal monthly installments of $1,400.33 commencing on March 1, 2009.[3] In relevant portion,

the Note provides:

> "Borrower" means each person signing at the end of this Note, and the person's
> successors and assigns.
> "Lender" means Franklin America Mortgage Company and its successors and
> assigns.
> Borrower's promise to pay is secured by a Mortgage, . . . that is dated the same
> date as this Note and called the "Security Instrument." The Security Instrument
> protects the Lender from losses which might result if Borrower defaults under this
> Note. . .[4]

In relevant portion, the Mortgage states:

> Borrower owes Lender the principal sum of . . . ($260,855.00.) This debt is
> evidenced by Borrower's note dated the same date as this Security Instrument
> (Note) . . . . This Security Instrument secures to Lender: (a) the repayment of the
> debt evidences by the Note, with interest, . . . ; (c) the performance of Borrower's
> covenants and agreements under this Security Instrument and the Note.
>
> For this purpose, Borrower does hereby mortgage, grant and convey to MERS
> (solely as nominee for Lender and Lender's successors and assigns) and to the
> successors and assigns of MERS the following described property . . . .[5]
>
> The covenants and agreements of this Security Instrument shall bind and benefit
> the successors and assigns of Lender and Borrower . . . .[6]

Thereafter, on August 1, 2011, Defendants defaulted on the Note and Mortgage by failing to

make the previously agreed upon monthly payments. On January 16, 2013, though not required

---

[2] [Compl. at Ex. A (the "Mortgage") (Montgomery County Record of Deeds, Instrument # 20090102311, Book 12533 at Page 368, (11/10/14)].

[3] [Compl. at Ex. B (the "Note"), (11/10/14)].

[4] [Compl. at Ex. B (the "Note"), at ¶ 1, 3, (11/10/14)].

[5] [Compl. at Ex. A (the "Mortgage") (Montgomery County Record of Deeds, Instrument # 20090102311, Book 12533 at Page 368, (11/10/14)].

[6] Compl. at Ex. A (the "Mortgage") (Montgomery County Record of Deeds, Instrument # 20090102311, Book 12533 at Page 368, at ¶ 12, (11/10/14)].

because Defendants' period default exceeded 24 months, Plaintiff, nonetheless, sent Notices of Intention to Foreclose to each Defendant at the Property via certified and regular mail.[7]

On August 22, 2012, the Mortgage was assigned by MERS as nominee for Franklin to Bank of America, N.A., which assignment ("First Assignment") was duly recorded in the Office of the Recorder of Deeds of Montgomery County on August 24, 2012.[8] On April 2, 2014, Bank of America, N.A. assigned the Mortgage to the Secretary of Housing and Urban Development, which assignment ("Second Assignment") was duly recorded in the Office of the Recorder of Deeds of Montgomery County on May 29, 2014.[9] On June 6, 2014, the Secretary of Housing and Urban Development assigned the Mortgage to U.S. Bank National Association, as Trustee for SROF-2013-S3 REMIC Trust I ("U.S. Bank"), which assignment ("Third Assignment") was duly recorded in the Office of the Recorder of Deeds of Montgomery County on June 18, 2014.[10]

On November 10, 2014, U.S. Bank instituted the instant mortgage foreclosure action against Defendants. On December 15, 2014, Defendants filed Preliminary Objections pro se, asserting that U.S. Bank was not the real party in interest and therefore, lacked standing to foreclose. (Defendants inexplicably attached to their Preliminary Objections more than 250 pages of exhibits.) U.S. Bank filed its Reply on January 2, 2015, and by Order dated February 25, 2015, this Court overruled Defendants' Preliminary Objections. In the meantime, on January 13, 2015, U.S. Bank assigned the Mortgage to SROF 2013-S3 REO I LLC, which assignment

---

[7] [Compl. at ¶ 12, Ex. C ("Notice of Intention"), (11/10/14)]; *See* 35 P.S. 5 P.S. § 1680.402c.

[8] [Pl.'s Mot. for Summ. J. at Ex. C ("First Assignment") (Montgomery County Record of Deeds, Instrument #2012083941, Book 13388, at Page 01194), (2/26/16)].

[9] [Pl.'s Mot. for Summ. J. at Ex. D ("Second Assignment") (Montgomery County Record of Deeds, Instrument #2014032724, Book 13786, at Page 00926), (2/26/16)].

[10] [Pl.'s Mot. for Summ. J. at Ex. E ("Third Assignment") (Montgomery County Record of Deeds, Instrument #2014037727, Book 13794, at Page 02303), (2/26/16)].

3

("Fourth Assignment") was duly recorded in the Office of the Recorder of Deeds of Montgomery County on February 23, 2015.[11]

On March 16, 2015, Defendants filed their Answer and New Matter, affirmatively admitting only their names and mailing addresses.[12] But despite Defendants' prevarication, they ultimately admitted all remaining allegations of material fact by virtue of their lengthy and obtuse general denials. On April 8, 2015, in response to Defendants' alleged affirmative defenses, Plaintiff filed a Reply aptly disposing of their New Matter.[13] Thereafter, on November 4, 2015, SROF 2013-S3 REO I LLC assigned the Mortgage to Plaintiff, which assignment ("Fifth Assignment") was duly recorded in the Office of the Recorder of Deeds of Montgomery County on November 13, 2015.[14]

On February 26, 2016, Plaintiff filed a Motion for Summary Judgment, asserting therein that it was the holder of the Note and Mortgage.[15] In response, Defendants filed an Answer, attaching more than 850 pages of exhibits, and neglected entirely to file the requisite brief in support thereof.[16] After a review of the record, the undersigned determined no genuine issues of material fact existed, Plaintiff was entitled to judgment as a matter of law, and accordingly granted Plaintiff's Motion for Summary Judgment by Order dated April 22, 2016. Notwithstanding this Court's April 22nd entry of judgment and for reasons still unclear, on April 26, 2016, Defendants filed 'Preliminary Objections In The Nature To Strike Plaintiff's Sur Reply

---

[11] [Pl.'s Mot. for Summ. J. at Ex. F ("Fourth Assignment") (Montgomery County Record of Deeds, Instrument #2015011569, Book 13901, at Page 02967), (2/26/16)]; [Pl.'s Praecipe, at Ex. A ("Fourth Assignment") (Montgomery County Record of Deeds, Instrument #2015011569, Book 13901, at Page 02967), (4/8/15)].

[12] [Defs.' Answ. & New Matter (3/16/15)].

[13] [Pl.'s Reply (4/8/15)].

[14] [Pl.'s Mot. for Summ. J. at Ex. G ("Fifth Assignment") (Montgomery County Record of Deeds, Instrument #2015086531, Book 14043, at Page 00199) (2/26/16)].

[15] [Pl.'s Mot. for Summ. J., at ¶ 8, (2/26/16)].

[16] [Defs.' Answ. To Pl.'s Mot. Summ. J., (3/28/16)]; see Pa. R.C.P. 1035.3(d); see also Montco. R.C.P. 208.3(b) (generally permitting entry of judgment where respondent fails to respond).

4

Brief . . . .'[17] On May 20, 2016, Defendants timely filed and served upon the undersigned a

Notice of Appeal, and on June 13, 2016, Defendants timely filed and served upon the

undersigned their Statement of Errors Complained Of On Appeal (Pa. R. A. P. "1925(b)

Statement") which set forth the following:

1. The learned Judge erred in granting Plaintiff's motion for summary judgement.

2. The learned Judge erred in granting Plaintiff's motion for summary judgement by allowing Plaintiff to file two completely different true and correct copies of the note.

3. The learned Judge erred in granting Plaintiff's motion for summary judgement by not dismissing Plaintiff's case due to lack of standing.

4. The learned Judge erred in granting Plaintiff's motion for summary judgement as the court failed to recognize MERS cannot transfer any beneficial interest in the note or mortgage.

## III. DISCUSSION

On appeal Defendants preserved two issues for review. First, they contend that Plaintiff

is not the real party in interest and lacks standing to foreclose; and second, they claim that

Plaintiff improperly filed two different copies of the Note. Defendants' remaining bald and

undeveloped contentions that the Court erred are waived for vagueness.[18] As discussed

hereinafter, Defendants' claims are meritless, and the Court's entry of summary judgment in

favor of Plaintiff was appropriate.

---

[17] Defendants' Preliminary Objections present just one example of Defendants' repeated misapplication and lack of comprehension of the rules of civil procedure, as demonstrated herein: "The verification attached is signed by Leslie J. Rase Esquire. Leslie J. Rase Esquire is not a party to this case. Pa. R.C.P. 1024 requires that parties sign verifications. This verification violates the rules and therefore this document must be stricken. . . . This is not proper under civil procedure. Under old time practice this was called a Speaking Demurrer. Speaking Demurrers are not aloud [sic]." Additionally, Defendants filed a Motion for Reconsideration, alleging that Plaintiff lacked standing, which was denied by operation of law.
[18] See Pa. R.A.P. 1925(b)(4).

## A. Standard of Review

Summary judgment as a matter of law is appropriate when "there is no genuine issue of material fact as to a necessary element of the cause of action. Pa. R.C.P. 1035.2(1). The record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the presence of a genuine issue of material fact must be resolved against the moving party. *Albright v. Abington Mem'l Hosp.*, 696 A.2d 1159, 1165 (Pa. 1997) (citing *Pennsylvania State University v. County of Centre*, 615 A.2d 303, 304 (Pa. 1992)). However, "[w]here the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa. Super. Ct. 2013) (internal quotation omitted). More specifically, to preclude entry of judgment, respondents must identify:

> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
>
> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.[19]

Pa. R.C.P. 1035.3(a)(1),(2). In a mortgage foreclosure action, summary judgment is appropriate if the mortgagors "admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998) (citing *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 340 (Pa. 1971)). Finally, when reviewing a grant of summary judgment, the appellate court may only disturb the order of the trial court when it is determined that there has

---

[19] Pa. R.C.P. 1035.3.

6

been an error of law or a clear abuse of discretion. *Shomo v. Scribe*, 686 A.2d 1292, 1294 (Pa. 1996); *Panichelli v. Liberty Mutual Insurance Group*, 669 A.2d 930, 931 (Pa. 1996).

## B. The Court Properly Granted Plaintiff's Motion for Summary Judgment.

On their face, Defendants' pro se pleadings reflect numerous procedural and substantive deficits. Their anfractuous responses and allegations are improperly predicated on a variety of documents which are either not part of the record, or completely irrelevant to the Court's disposition of the instant Motion for Summary Judgment.[20] For the reasons that follow, the Court's entry of judgment in favor of Plaintiff was appropriate.

### i. *Plaintiff Is The Real Party In Interest With Standing To Foreclose.*[21]

Given the prolix nature of Defendants' responses and allegations, including block quotations from various irrelevant publications, their defense to Plaintiff's Motion for Summary Judgment, while not entirely clear, appears from their 1925(b) Statement to be that: (1) Plaintiff is not the real party in interest and lacks standing to foreclose, and (2) a genuine issue of material fact exists as to Plaintiff's possession of the Note.[22] Defendants' claims are meritless.

In its Motion for Summary Judgment, Plaintiff properly alleged it was "the present holder of the Mortgage and Note, as well as the mortgagee of record."[23] In response, Defendants unconvincingly denied Plaintiff's status as holder, stating, "Denied. There is no evidence that the

---

[20] Defendants repeatedly refer to publications such as, 'Modern Money Mechanics,' as well as the 'Certificate of Incorporation of Mortgage Electronic Registrations System, Inc.,' as well as 'MERS System of Rules of Membership,' 'Ginnie Mae Guaranteed REMIC Pass-Through Securities Base Offering Circular' 'MERS Residential Marketing Kit,' 'MERS Procedures Manual, Release 19.0,' and 'MERS Procedural Manual, Release 23.5.1.'[20]

[21] Notwithstanding Defendants' failure to file a brief, this Court will address Defendants' 1925(b) Statement. *See* Montco. R.C.P. 208.3(b)(6)(b) (Entry of judgment against respondent for noncompliance is appropriate.)

[22] [*See* Defs.' Preliminary Objections (12/15/14), Defs.' Answ. & New Matter (3/16/16), Defs.' Answ. to Pl.'s Mot. for Summ. J., at ¶ 8, (3/28/16)].

[23] [Pl.'s Mot. for Summ. J., at ¶ 8, (2/26/16)].

Plaintiff is the holder of the Note or Mortgage."[24] Contrary to Defendants' assertion, the record aptly supports Plaintiff's status as the real party in interest. More specifically, not only did Plaintiff painstakingly set forth the factual details underpinning each Mortgage Assignment, but it exceeded its evidentiary burden by attaching copies of each Assignment, statements of their recordation, and a documentary Affidavit in support of its Motion, all of which supported its standing to foreclose, as well as the sums due thereunder.[25]

For their part, however, Defendants baldly asserted in their Answer to the Motion for Summary Judgment that Plaintiff cannot be the holder of the Mortgage and the Note, because the Note was specially endorsed by Franklin to Countrywide Bank, FSB.[26] Defendants' response addressing the Note's special endorsement is irrelevant to Plaintiff's status as the mortgagee and, in any event, not supported by the case law.

First, as demonstrated by Pennsylvania Rule of Civil Procedure, the mortgage holder is the party with standing to foreclose. *See* Pa. R.C.P. 1147(1) (Requiring complainant to allege "the parties to and the date of the *mortgage, and of any assignments,* and a statement of the place of record of the mortgage and assignments.") That proposition is supported by our Pennsylvania jurisprudence, as aptly demonstrated by our Superior Court's recent decision in *CitiMortgage, Inc. v. Barbezat,* holding that a mortgagee which avers and produces evidence to support its status as the holder of the mortgage, by assignment, is the real party in interest." *See CitiMortgage, Inc. v. Barbezat,* 131 A.3d 65,68-69 (Pa. Super. Ct. 2016); *see also Wells Fargo*

---

[24] [Defs.' Answ. to Pl.'s Mot. for Summ. J., at ¶ 8, (3/28/16)]. Additionally, while Defendants did not assert with the requisite specificity any other issues on review, their repeated block recitation of portions of publications which have no relevance to the instant dispute do not constitute sufficiency, so as to preserve their denials any of Plaintiff's remaining allegations. *See* Pa. R.C.P. 1029.

[25] [*See* Pl.'s Mot. for Summ. J., at Exs. A ("the Note"), Ex. B ("Mortgage,") Ex. C ("First Assignment"), Ex. D ("Second Assignment"), Ex. E ("Third Assignment"),Ex. F ("Fourth Assignment,") and Ex. G ("Fifth Assignment"), Ex. R ("Affidavit"), (2/26/16)]; *See Kirby v. Kirby,* 687 A.2d 385, 388 (Pa. Super. Ct. 1997) (Documentary affidavits, if uncontradicted, may properly support the entry of summary judgment as they fall outside the ambit of the *Nanty-Glo* Rule.) (internal citation omitted).

[26] [Defs.' Answ. to Pl.'s Mot. for Summ. J., at ¶ 8, (3/28/16)].

*Bank, N.A. v. Lupori,* 8 A.3d 919, 922 n. 3 (Pa. Super. Ct. 2010). It is well-settled that "[w]here an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights. *See Smith v. Cumberland Group, Ltd.,* 687 A.2d 1167, 1172 (Pa. Super. Ct. 1997).

Defendants, therefore, not only misrepresented Plaintiff's authority as the mortgagee and the evidence of record supporting Plaintiff's status as the holder of the Mortgage and Note, but they also failed to muster any evidence of their own to rebut Plaintiff's allegations and/or evidence. As delineated by Pa. R.C.P. 1035.3(a), Defendants were obligated to set forth:

> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
>
> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.[27]

In response to Plaintiff's properly plead allegations and supporting evidence, Defendants failed entirely to present any relevant evidence to rebut Plaintiff's claim as the real party in interest, and holder of the Mortgage and Note despite the opportunity to conduct discovery.[28] Defendants' haphazard attachment of hundreds of pages of extraneous exhibits, including publications and documents lacking any relevance to the instant action, in no way rebutted Plaintiff's substantive evidence.[29] As set forth above, to preclude entry of judgment a respondent may not rest upon mere general denials, but must identify an issue of fact arising from the evidence. *See* Pa. R.C.P. 1035.3. Given Defendants' failure to meet their burden of rebuttal, the Court's entry of judgment in favor of Plaintiff, as mortgagee, was appropriate.

---

[27] Pa. R.C.P. 1035.3(a).

[28] Defendants failed to face their Answer to Plaintiff's Motion for Summary Judgment with the required cover sheet, pursuant to Montco. R.C.P. 205.2(b), wherein they could have expressly requested discovery, and did not otherwise seek discovery as to Plaintiff's status as the real party in interest.

[29] [*See* Defs.' Preliminary Objections (12/15/14) , Defs.' Answ. & New Matter (3/16/16), Defs.' Answ. to Pl.'s Mot. for Summ. J., at ¶ 8, (3/28/16)].

This Court is not unmindful of the mortgage industries' propensity to repeatedly re-assign mortgages. This practice, though legal, can no doubt be confusing to pro se mortgagees, such as Defendants. Nonetheless, Plaintiff, in this case has demonstrated its burden under the Rules by expressly pleading each Mortgage assignment chronologically, and attaching to its pleadings the referenced assignments; thereby setting forth in as succinct and orderly manner as possible the basis for its status as assignee of the Mortgage. As such, the uncontroverted evidence establishes that Plaintiff, by virtue of its unrebutted chain of assignments, is the mortgagee with standing to foreclose, and Defendants' claim to the contrary is meritless.

ii.  *Alleged Two Different Copies of Note.*

On appeal, Defendants also asserted that the Court erred "by allowing Plaintiff to file two completely different true and correct copies of the note."[30] The Court is perplexed by this assertion. Not only is this allegation unsupported by any submissions of Defendants on the record, but this Court's review revealed identical copies of the Note attached to Plaintiff's Complaint and Motion for Summary Judgment. Indeed, the copy of the Note attached to the Motion for Summary Judgment includes the exact same time-stamp affixed to the copy of the Note filed with the Complaint; thereby confirming that Plaintiff attached the same Note copy to both pleadings.[31] Moreover, in any event, Plaintiff had no obligation under the Rules to attach a copy of the Note; especially in light of Defendants' apparent failure to demand production of the same.

Under Pa. R.C.P. 1147, a complainant seeking to foreclosure must set forth the following averments of fact:

---

[30] [*See* Defs.' 1925(b) Statement].
[31] [Compare Pl.'s Compl., at Ex. B ("the Note"), (11/10/14), with Pl.'s Mot. for Summ. J., at Ex. A ("the Note"), (2/26/16)].

10

(1)     the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;

(2)     a description of the land subject to the mortgage;

(3)     the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;

(4)     a specific averment of default;

(5)     an itemized statement of the amount due; and

(6)     a demand for judgment for the amount due.

Pa. R.C.P. 1147. As demonstrated, nowhere in the Pa. R.C.P. 1147 is there a requirement to attach a copy of the Note upon which entry of judgment is sought. Thus, in the first instance, Plaintiff's inclusion and attachment of the Note copy was in excess of that which is required by Pa. R.C.P. 1147.

Additionally, Defendants' 1925(b) lacks sufficient detail and specificity to identify the filings at issue, and as such, this Court is unable to ascertain to which exhibits Defendants refer.[32] Therefore, Defendants' claim regarding Plaintiff's filing of two different copies of the Note is not only meritless, but is also deemed waived in light of defendants' failure to provide the Court with the mandated specificity.

Finally, as addressed previously, the instant Note has been in arrears since Defendants' default in August 1, 2011. Despite copious amounts of paper added to this case by Defendants' futile and frivolous attempts to delay the disposition of this matter, and abuse our legal system so as to remain in the Property for years without payment; the record reflects no genuine issues of material fact to preclude entry of judgment. Thus, in light of Defendants' failure to demonstrate the requisite issue of material fact or produce

---

[32] *See* Pa. R.A.P. 1925(b)(4)(ii).

11

any evidence of record to rebut Plaintiff's status as a real party in interest with standing to foreclose, the Court's entry of judgment in favor of Plaintiff and against Defendants was wholly appropriate.

## IV.    CONCLUSION

This Court respectfully requests that its Order, dated April 22, 2016, granting Plaintiff, U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee's Motion for Summary Judgment and entering judgment, *in rem*, in favor of Plaintiff and against Defendants in the amount of $334,811.49, plus interest and applicable costs, be AFFIRMED.

BY THE COURT:

THOMAS C. BRANCA,  J.

Copies of the above Opinion
mailed on   4/ 7 /17   to:
**By First Class Mail:**
Sarah McCaffery, Esquire
Leslie J. Rase, Esquire
Susan Laird, Pro Se, 3126 Shirlene Rd., East Norriton, PA. 19403
Susan L. Laird, Pro Se, 3126 Shirlene Rd., East Norriton, PA. 19403
Gene Strikwerda, Pro Se, 3126 Shirlene Rd., East Norriton, PA. 19403
**By Interoffice Mail:**
Court Administration

Secretary

12